UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JACK BARRON,<br><br>    Plaintiff,<br><br>v.<br><br>SCVNGR, INC. d/b/a LEVELUP,<br><br>    Defendant | CIVIL ACTION<br>NO. 13-40084-TSH |

### MEMORANDUM OF DECISION ON DEFENDANT SCVNGR INC.'S MOTION FOR SUMMARY JUDGMENT (Docket No. 17)
**July 7, 2014**

HILLMAN, D.J.

### Introduction

Plaintiff Jack Barron ("Plaintiff") filed a complaint against Defendant SCVNGR d/b/a LevelUp ("LevelUp" or "Defendant") alleging Defendant has infringed U.S. Patent No. 7,499,873 ("the '873 patent"). Defendant filed two counterclaims, seeking declaratory judgment of non-infringement (Count I) and patent invalidity (Count II). Defendant now moves for summary judgment on Plaintiff's sole claim of infringement and its corresponding counterclaim for declaratory judgment of non-infringement. For the reasons set forth below, the motion is granted.

### Facts

The '873 patent, entitled "Communication Through a Financial Services Network," describes and claims methods for communicating a message from a sender to a recipient in

1

possession of a unique identifier. Each claim of the '873 requires that the message be communicated at a "transaction terminal." A transaction terminal is described as, by way of example, but not limited to, a point of sale ("POS") terminal or automatic teller machine ("ATM") terminal. For example, two of the independent claims recite:

1. A method of communicating a message from a sender to recipient in possession of a unique identifier by use of which the recipient can perform a financial transaction at a transaction terminal, the method comprising:
   receiving the message from the sender, the message including a reference to the unique identifier;
   storing the message in a computer memory;
   performing the financial transaction at the transaction terminal, using the unique identifier;
   detecting performance of the financial transaction at the transaction terminal; and
   transmitting the message from the computer memory in which it is stored to the transaction terminal for display to the recipient at the transaction terminal, incidental to the financial transaction performed and any message generated in response to performance of the financial transaction, the message being independent of the financial transaction performed.

9. A computer-implemented method of enhancing financial transaction services, the method comprising:
   providing a computer network including a transaction terminal through which financial transactions are communicated;
   performing a financial transaction;
   communicating a message from a sender to a recipient through the computer network, wherein the message is transmitted to the recipient through the transaction terminal incidental to performance by the recipient of the financial transaction and any message generated in response to performance of the financial transaction.

The '873 patent teaches a method which allows a sender to communicate a stored message to a recipient through a financial communication network. The patent notes that this method provides a means for messages to reach those who do "not have access to a conventional landline or cellular telephone, or to an internet-connected computer or other conventional communication device."  The method allows a sender to input a message into a system that then

stores the message and forwards it to the intended recipient at a transaction terminal when the recipient attempts to use the transaction terminal to perform a financial transaction.

Defendant created a mobile phone application ("app") that allows users to pay for goods and services by scanning a two-dimensional bar code. Merchants can install a LevelUp scanner which can read the two dimensional LevelUp barcode either from a display on the customer's mobile phone or from a printed card. The LevelUp scanner then sends the encoded information and the transaction amount entered by the merchant to a LevelUp server. The LevelUp server retrieves the customer's stored account information and transmits the transaction for authorization. The customer may receive messages, including receipts, from LevelUp via email or via the internet in the form of "push" notifications from the app on the customer's phone. The customer may also communicate a change in the amount to be paid by adding a tip.

## Discussion

### *Standard of Review*

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and thus "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" when the evidence is such that a reasonable fact-finder could resolve the point in favor of the non-moving party, and a fact is "material" when it might affect the outcome of the suit under the applicable law. *Morris v. Gov't Dev. Bank*, 27 F.3d 746, 748 (1st Cir.1994). The moving party is responsible for "identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1968). It can meet its burden either by "offering evidence to disprove an element of the plaintiff's case or by demonstrating an 'absence of evidence to support the non-moving party's case.'" *Rakes v. U.S.*, 352 F. Supp. 2d 47, 52 (D. Mass. 2005) (quoting *Celotex*, 477 U.S. at 4).

The non-moving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of any disputed material fact. *Mendes v. Medtronic*, Inc., 18 F.3d 13, 15 (1st Cir.1994) (discussing *Celotex*, 477 U.S. at 325). When ruling on a motion for summary judgment, the court must construe the facts in the light most favorable to the non-moving party. *Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir. 2003).

*Claim Construction*

"Infringement analysis involves a two-step process: the court first determines the meaning of disputed claim terms and then compares the accused device to the claims as construed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). Claim construction is generally a question of law, not fact. *Id*. at 372. "A claim term is construed according to its ordinary and customary meaning as understood by a person of ordinary skill in the art at the time of the invention." *Wavetronix v. EIS Elec. Integrated Sys.*, 573 F.3d 1343, 1355 (Fed. Cir. 2009). When the ordinary and customary meaning is not evident from the claim alone, then the Court must look first to intrinsic evidence beginning with the language of the claims and then the "remainder of the specification." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005). The specification "is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Id*. at 1315.

Defendant argues that summary judgment should be granted in its favor because each claim of the '873 Patent requires a message be delivered to a recipient at a "transaction terminal," and that the LevelUp service does not communicate messages to users at a "transaction terminal." To determine whether Defendant should prevail on its motion for summary judgment, then, the Court must construe the term "transaction terminal" and determine whether the

4

LevelUp service involves the receipt of messages at such a "transaction terminal." Here, Defendant argues the Court should construe the term "transaction terminal" as: "A device that communicates financial transaction information for authorization via a secure financial network." Plaintiff has not offered its own claim construction, but argues that that a variety of devices can be used as the transaction terminal, and that the LevelUp service fits within the '873 Patent claims. Defendant does not dispute that many devices, including a mobile phone, may be transaction terminals as the term is used by the '873 Patent, but that a mobile phone does not act as a transaction terminal in the LevelUp service.

Looking at the claim language and specification, it is clear that the term "transaction terminal" is meant to describe a device which communicates information through a financial network to allow a user to perform a financial transaction. The claims of the '873 Patent consistently refer to the "transaction terminal" as a device by which a recipient can "perform a financial transaction," as a "financial transaction terminal," and as "a transaction terminal through which financial transactions are communicated."[1]  The '873 Patent uses two examples predominately, the ATM and POS terminal, though it notes that these are only examples, and any other suitable transaction terminal may be used. The claim language, specification, and examples are consistent with Defendant's construction of the term, and Plaintiff does not dispute this construction. As such, this Court accepts Defendant's construction of the term "transaction terminal," with the understanding that it may include many devices and is not limited to an ATM or POS terminal.

*Infringement*

Having construed the term transaction terminal, the Court must look to see whether the LevelUp service infringes the '873 Patent claims by comparing that service to the claims as

---

[1] For examples, see claims 1 and 9, reproduced above.

construed. *Markman*, 52 F.3d at 976. Each claim of the '873 Patent requires a message be sent to a transaction terminal. While Plaintiff is correct that a cell phone or mobile device could, in theory, be a transaction terminal as described in the '873 Patent, the user's cell phone as used in the LevelUp service does not function as a transaction terminal. The cell phone in the LevelUp is used to display a bar code, which can also be displayed on a card, to a LevelUp scanner. The phone, then, acts merely as a proxy for a credit card; it is an electronic version of a printed card carrying a user's identifying information. The user's phone never connects to a financial network or communicates transaction information.

      The LevelUp scanner is the device that then communicates a user's information to a LevelUp server, which in turn sends the information on for authorization of the transaction. If any device in the LevelUp service can be considered a transaction terminal, it would be the LevelUp scanner which communicates the user's information to the LevelUp server. The LevelUp scanner, however, never receives a message to display to the user; instead, the user may be sent an email or "push" notification through an app on their phone with messages, such as a receipt for the transaction. In order for LevelUp's service to potentially infringe, the notice would have to be sent to the scanner.

      LevelUp service therefore does not cause a message to be delivered to a transaction terminal. A LevelUp user may receive messages over the internet, which they may read on the same mobile phone that they used to display their LevelUp barcode, but the mobile phone as used in the LevelUp service does not act as a transaction terminal as contemplated by the '873 Patent. As each of the independent claims of the '873 Patent requires a message to be delivered to a user at the transaction terminal, and such an action never occurs in the LevelUp service, the Defendant's service does not infringe on the '873 Patent.

## **Conclusion**

For the reasons stated above, Defendant's Motion for Summary Judgment (Docket No. 17) is ***granted***.

SO ORDERED.

                                              */s/ Timothy S. Hillman*
                                              TIMOTHY S. HILLMAN
                                              DISTRICT JUDGE