**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **JACK BARRON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **NO. 13-40084-TSH** |
| **SCVNGR, INC. d/b/a/ LEVELUP,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER AND MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS FOR ATTORNEY FEES AND COSTS (Docket No. 35) AND DISCOVERY (Docket No. 38)**

**April 21, 2015**

**HILLMAN, D.J.**

Pending before the Court are motions arising out of a patent infringement action filed by Plaintiff Jack Barron ("Plaintiff") against Defendant SCVNGR, Inc. d/b/a LevelUp ("Defendant" or "LevelUp"). On July 7, 2014, the Court entered summary judgment in Defendant's favor. Defendant has now moved for an order directing Plaintiff to pay attorney's fees and costs pursuant to 35 U.S.C. § 285, (Docket No. 35), and for leave to conduct discovery in support of the motion for fees. (Docket No. 38). For the reasons set forth below, the motions are ***denied***.

**Background**

Plaintiff owns U.S. Patent No. 7,499,873 (the '873 patent), which claims methods for communicating a message from a sender to a recipient that allows the recipient to perform a financial transaction at a "transaction terminal." The method allows a sender to input a message into a system that then stores the message and forwards it to the intended recipient. The recipient

can then perform a financial transaction at a transaction terminal, such as an ATM or a "point of sale" terminal. LevelUp has created a mobile phone app that allows consumers to pay for goods and services with a two-dimensional bar code on their phone's screen. Merchants who want to use the service install a LevelUp scanner to scan a customer's bar code. Once the bar code has been scanned, the scanner sends the encoded information from the bar code to a LevelUp server. The server retrieves the customer's stored bank account information and submits the transaction for authorization.

On July 10, 2013 Plaintiff filed this action against LevelUp, alleging that LevelUp's mobile phone app infringed the '873 patent. LevelUp filed two counterclaims, seeking declaratory judgment of non-infringement (Count I) and invalidity (Count II). Shortly thereafter LevelUp moved for summary judgment on the issue of infringement, on the basis that the service does not involve the sending and receipt of messages at a transaction terminal. The Court adopted the construction of the claim term "transaction terminal" proposed by LevelUp: "a device that communicates financial transaction information for authorization via a secure financial network."[1] *See* Docket No. 31, at 5. Using this construction, the Court found that LevelUp does not infringe the '873 patent, because neither the mobile phone nor the LevelUp scanner operates as a transaction terminal. *Id.* at 6. Consequently, the Court entered judgment in LevelUp's favor.[2] *See* Docket No. 32. LevelUp now moves for attorney's fees and costs under 35 U.S.C. § 285, as well as leave to conduct discovery in support of the motion for fees.

---

[1] Plaintiff did not offer an alternative construction, but argued that a variety of devices can be used as a transaction terminal.

[2] The judgment was affirmed by the Federal Circuit on March 6, 2015. On December 17, 2014 LevelUp voluntarily dismissed, without prejudice, its counterclaim for a declaration of patent invalidity.

**Discussion**

Section 285 of the Patent Act grants federal district courts the discretion to award attorney fees and costs to a prevailing defendant in "exceptional cases." 35 U.S.C. § 285. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Supreme Court provided guidance on this fee-shifting provision:

> An "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

134 S.Ct. 1749, 1754 (2014). The Court pointed to a non-exclusive list of factors a district court may consider in evaluating whether a case is exceptional, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6. Courts have also historically examined whether the plaintiff engaged in any preparation and investigation prior to the filing of the infringement claim. *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1378 (Fed. Cir. 2001).

LevelUp argues that this case is exceptional because it was objectively baseless and motivated by Plaintiff's desire to extract a large settlement. LevelUp further contends that considerations of compensation and deterrence warrant fee-shifting. The Court disagrees.

First, the Court rejects the contention that the case was objectively baseless. To be sure, this case was unusual in that LevelUp moved for—and the Court granted—summary judgment prior to any scheduling conference or discovery. This bears some reflection of the substantive strength of Plaintiff's claim, but does not require the conclusion that the action was *exceptionally* meritless. The technology involved in LevelUp's mobile app is reasonably similar to that

described in the '873 Patent. It is plausible that an inventor could believe, at least at the outset, that LevelUp's mobile app involved a method for communicating a stored message that allows the recipient to perform a financial transaction at a "transaction terminal." Although this Court found Plaintiff's claim to be meritless, it was not so far-fetched that no reasonable patent-holder would file suit. Indeed, Plaintiff and his counsel continued to assert that the mobile app infringed the '873 Patent on appeal to the Federal Circuit, arguing that a LevelUp user's phone functions as a "transaction terminal." Consequently, the Court finds that Plaintiff's claim was not objectively baseless. *See EON Corp. IP Holdings LLC v. Cisco Systems, Inc.*, Case No. 12-CV-01011-JST, 2014 WL 3726170, *5 (N.D. Cal. July 25, 2014) (declining to award fees where Plaintiff's argument, although so "stretched . . . that few patentees would pursue it," was not so meritless that no reasonable patentee would pursue it).

Nor does the Court find fault in Plaintiff's litigation strategy. Plaintiff's counsel investigated the LevelUp product for several months before inviting LevelUp to negotiate a license agreement to avoid litigation. LevelUp ignored Plaintiff's request, and so it was not unreasonable for Plaintiff to file suit. There is no evidence that Plaintiff or his counsel knew that the claim lacked merit but pursued it anyway, and the Court declines to draw the inference that Plaintiff sought payment in bad faith from the mere fact that Plaintiff's counsel asked LevelUp to discuss settlement options.

Most significantly, the Court finds that considerations of compensation and deterrence do not warrant fee-shifting in this case. In support of its argument, LevelUp relies primarily on *Lumen View Technology, LLC v. Findthebest.com, Inc.*, No. 13 CIV. 3599, 2014 WL 2440867 (S.D.N.Y. May 30, 2014). In that case, the court awarded fees after entering an early summary judgment order in favor of the defendant. *Id.* at *6-7. Central to the result was the fact that the

plaintiff had filed at least twenty boilerplate infringement claims against various companies over the course of two years, suggesting that the lawsuit was "part of a predatory strategy aimed at reaping financial advantage from the inability or unwillingness of defendants" to litigate even frivolous claims. *Id.* at *2, 7. Unlike in *Lumen View*, however, the plaintiff in this case is not a patent-assertion entity that has repeatedly filed frivolous claims to extract nuisance settlements. It is undisputed that Mr. Barron is an individual inventor, asserting his property rights under the '873 patent *for the first time*. The Court is sensitive to the costs imposed on businesses like LevelUp as a result of frivolous infringement litigation. However, given the facts of this case, the policy considerations of compensation and deterrence are not sufficiently implicated to justify an award of fees.

Based on the totality of the circumstances, the Court finds that this case is not "exceptional" under 35 U.S.C. § 285, and that further discovery on this issue is unwarranted.

## Conclusion

For the foregoing reasons, Defendant's Motion for Attorney Fees and Costs (Docket No. 35) is *__denied__*; and Defendant's Motion for Leave to Conduct Discovery (Docket No. 38) is *__denied__*.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**